**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICOLAS ANTONIO MEDRANO-PONCE, | No. 13-72557 |
| Petitioner, | Agency No. A200-117-985 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Nicolas Antonio Medrano-Ponce, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order affirming

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention against Torture ("CAT"). We have

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Medrano-Ponce failed to establish that any harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (rejecting petitioner's claim where he "provided no evidence that his opposition to the gang's criminal activity was based on political opinion"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *see also Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common

immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'") (citation omitted). Thus, Medrano-Ponce's asylum and withholding of removal claims fail. *See Zetino*, 622 F.3d at 1016.

Substantial evidence also supports the agency's denial of Medrano-Ponce's CAT claim because he did not demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA's issuance of a summary affirmance without opinion did not violate Medrano-Ponce's due process rights. *See Falcon Carriche v Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

13-72557